PER CURIAM.
Appellant, a Medicaid recipient, appeals the hearing officer’s final order affirming *711 the Agency for Health Care Administration’s (AHCA) action approving 960 of the requested 1,380 hours of private-duty nursing care and denying 420 requested hours. Because we find that the order under review is based on a fact not supported by competent, substantial evidence, we must reverse.
A hearing officer’s order is reviewed under the competent, substantial evidence standard and may only be set aside when it is based on a fact not supported by competent, substantial evidence. § 120.68(10), Fla. Stat. (2005). This court cannot substitute its judgment for the hearing officer’s judgment as to the weight afforded to disputed facts. Id.
The hearing officer found that KePro’s[1] notes, which state that Appellant’s home healthcare provider applied for prior authorization of a registered nurse to care for Appellant 24 hours per day, minus seven hours on the weekend, support the denial of 420 private-duty nursing hours. KePro’s notes state that Appellant’s parents provide seven hours of care on the weekends; therefore, KePro determined they can provide seven hours of care each weekday.
Appellant’s mother testified that she cares for Appellant for seven hours throughout the week, including four hours on Saturday evening and for “an hour or so in the morning” one to two days per week.
The hearing officer found that Appellant’s parents provide seven hours of care on weekends, consisting of four hours on Saturday evening and “one to two hours each weekend morning.” However, nothing in the record supports the hearing officer’s finding that Appellant’s parents care for her “one to two hours each weekend morning.” Further, it is unclear how the seven hours of care which Appellant’s parents provide throughout the week supports the hearing officer’s determination that they can provide seven hours of care each day, thus, 420 hours of nursing care are not medically necessary. See C.F. v. Dep’t of Children & Families, 934 So.2d 1, 6 (Fla. 3d DCA 2005) (stating that when a case involves a reduction in Medicaid services, the Department bears the burden of proof showing that the services are not warranted).
We find that the hearing officer’s order is based on a fact not supported by competent, substantial evidence, and that AHCA has not met its burden of proof to show that 420 hours of private-duty nursing care are not medically necessary. We therefore reverse and remand the final order denying 420 hours of private-duty nursing care. On remand, the hearing officer shall properly apply the burden of proof, requiring AHCA to demonstrate that the requested hours of private-duty nursing care for the period of December 25, 2005 through February 22, 2006 are not medically necessary by a preponderance of the evidence.
We affirm Appellant’s other issue raised on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED with directions consistent with this opinion.
KAHN, POLSTON and THOMAS, JJ., concur.

. Keystone Peer Review Organization (KePro) is the organization that is contractually obligated to provide prior authorization of private-duty nursing care for Medicaid recipients in Florida.